UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>            Defendant. | Civil Action No. 23-3429 (JMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMIS</u>**

**TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................................1

**LEGAL STANDARD** ...........................................................................................................3

**ARGUMENT** .........................................................................................................................3

    I.      Plaintiff's FOIA Request Failed to Reasonably Describe
            the Records Sought ......................................................................................3

**CONCLUSION** .......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page**

*Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*,
   573 F. Supp. 3d 78 (D.D.C. 2021) ................................................................. 4, 6, 7, 8

*Am. Fed'n of Gov't Emps. v. Dep't of*,
   Com., 632 F. Supp. 1272 (D.D.C. 1986) ............................................................ 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 3

*Blue Water Balt. v. Pruitt*,
   266 F. Supp. 3d 174 (D.D.C. 2017) ................................................................. 5

*Borden v. FBI*,
   Civ. A. No. 94-1029, 1994 U.S. App. LEXIS 16157 (1st Cir. 1994) ...................... 5

*Cannon v. District of Columbia*,
   717 F.3d 200 (D.C. Cir. 2013) ........................................................................ 5

*Cause of Action Inst. v. IRS*,
   253 F. Supp. 3d 149 (D.D.C. 2017) ................................................................. 7

*Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*,
   874 F.3d 287 (D.C. Cir. 2017) ........................................................................ 4

*Dale v. IRS*,
   238 F. Supp. 2d 99 (D.D.C. 2002) ................................................................... 4

*Def. Network v. Dep't of Educ.*,
   Civ. A. No. 19-3473, 2022 U.S. Dist. LEXIS 75910 (D.D.C. Apr. 26, 2022) ............ 8

*Evans v. Fed. Bureau of Prisons*,
   951 F.3d 578 (D.C. Cir. 2020) ........................................................................ 3

*Grant v. Ent. Cruises, Inc.*,
   282 F. Supp. 3d 114 (D.D.C. 2017) ................................................................. 1

*Jud. Watch, Inc. v. Exp. Imp. Bank*,
   108 F. Supp. 2d 19 (D.D.C. 2000) ................................................................... 5

*Kowalczyk v. Dep't of Just.*,
    73 F.3d 386 (D.C. Cir. 1996) ............................................................................................ 4

*Krohn v. Dep't of Just.*,
    628 F.2d 195 (D.C. Cir. 1980) .......................................................................................... 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) .......................................................................................................... 4

*McKinley v. FDIC*,
    807 F. Supp. 2d 1 (D.D.C. 2011) ..................................................................................... 7

*Nat'l Sec. Couns. v. CIA*,
    969 F.3d 406 (D.C. Cir. 2020) .......................................................................................... 3

*Papasan v. Allain*,
    478 U.S. 265 (1986) .......................................................................................................... 3

*Pinson v. Dep't of Just.*,
    70 F. Supp. 3d 111 (D.D.C. 2014) ................................................................................... 4

*Taylor v. FDIC*,
    132 F.3d 753 (D.C. Cir. 1997) .......................................................................................... 4

*Truitt v. Dep't of State*,
    897 F.2d 540 (D.C. Cir. 1990) .......................................................................................... 4

*Voinche v. FBI*,
    412 F. Supp. 2d 60 (D.D.C. 2006) ................................................................................... 4

*Yeager v. DEA*,
    678 F.2d 315 (D.C. Cir. 1982) .......................................................................................... 4

Federal Statutes

5 U.S.C. § 552 ........................................................................................................................ 1

5 U.S.C. § 552(a)(3)(A) .......................................................................................................... 3

## INTRODUCTION

Plaintiff Federation for American Immigration Reform ("Plaintiff") instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to force Defendant United States Citizenship and Immigration Services ("Defendant" or "USCIS") to comply with its FOIA request seeking all records of communication between USCIS employees and an immigration activist. Plaintiff's FOIA request, however, fails to reasonably describe the records sought, which is a prerequisite to Defendant's duty to act on a FOIA request. Plaintiff's failure to plausibly allege a FOIA violation requires dismissal of its Complaint for failure to state a claim. Accordingly, the Court should grant Defendant's Motion to Dismiss.

## BACKGROUND[1]

On May 11, 2022, Plaintiff submitted a FOIA request to Defendant via an online FOIA portal seeking the following: "All records of communication, including email correspondence, between USCIS employees and Tania Mattos, currently a director of advocacy and policy at the Envision Freedom Fund, from and including January 20, 2021 up to and including May 11, 2022." *See* ECF No. 1, Compl. ¶ 9. Plaintiff also requested that all fees be waived because Plaintiff qualifies as a "representative of the news media, or news media requester." *Id.* ¶ 10.

The same day, Defendant acknowledged receipt of Plaintiff's request and assigned it a tracking number. *Id.* ¶ 11. In the acknowledgment email, Defendant stated: "Upon initial review, [USCIS] does not find that you have adequately described the records sought. In accordance with 6 C.F.R 5.3(c), USCIS FOIA needs clarification from you regarding the records you are requesting. To the extent possible, please provide information that may assist our office with identifying the

---

[1]     For purposes of Rule 12(b)(6) only, Defendant assumes that the facts alleged in the complaint are true and "grant[s] [P]laintiff the benefit of all inferences that can be derived from the facts alleged." *Grant v. Ent. Cruises, Inc*., 282 F. Supp. 3d 114, 116 (D.D.C. 2017).

requested records, such as specific subject matters and the names of USCIS personnel you would like to have a search conducted upon." *Id.* By email dated May 17, 2022, Plaintiff replied: "Because the request only asks for USCIS communication with one individual, we don't believe it is necessary to further confine the request to specific USCIS employees. This request for communication between USCIS employees and one, single person should not produce an unmanageable number of records. If the source of confusion over this request is to the identity of Tania Mattos, let it be known we are referring to the longtime immigration activist who - according to online sources - currently works for the Envision Freedom Fund and previously at Freedom for Immigrants, along with other immigration-oriented employment. If there have been multiple individuals named "Tania Mattos" in communication with USCIS during our requested time frame, please include all individuals in this search for the purposes of simplicity." *Id.* ¶ 12.

On June 23, 2022, a FOIA Public Liaison for Defendant emailed Plaintiff and indicated that documents related to the request were electronically delivered to Plaintiff, although ultimately no records appeared in the FOIA portal. *Id.* ¶ 13. In response to an email from Plaintiff asking for an updated completion date, Defendant indicated on October 3, 2022, that Plaintiff's request was number 1335 of 1580 pending requests. *Id.* ¶¶ 14-15.

On November 15, 2023, Plaintiff filed its Complaint against Defendant. *See* Compl. Plaintiff alleges Defendant "did not make or provide any determination regarding Plaintiff's request, produce any records in response to the request, further communicate with Plaintiff regarding the request or otherwise materially respond to the request." *Id.* ¶ 16. Plaintiff brings four counts under FOIA: (1) failure to comply with statutory deadlines; (2) unlawful withholding of agency records; (3) failure to grant news media fee status; and (4) failure to grant a fee waiver. *Id.* at 6-7. Among other things, Plaintiff asks this Court to order Defendant to conduct a reasonable

search for responsive records, produce all non-exempt responsive records, and grant Plaintiff media requester status and a fee waiver. *Id*. at 8.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court may dismiss a complaint where a plaintiff fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

## I.    Plaintiff's FOIA Request Failed to Reasonably Describe the Records Sought

FOIA requires an agency to conduct an adequate search for responsive records and release any non-exempt, reasonably segregable portions thereof only if a request "reasonably describes such record." 5 U.S.C. § 552(a)(3)(A); *see also Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) (agency "need not honor" and "can decline to process" request that does not reasonably describe records sought (internal quotation marks omitted)); *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020) ("an agency is only obligated to release nonexempt records if

it receives a request that 'reasonably describes such records.'"); *Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017) (only request reasonably describing records sought "triggers the agency's obligation to search for and disclose all responsive records"); *Pinson v. Dep't of Just.*, 70 F. Supp. 3d 111, 118 (D.D.C. 2014) ("to prevail on a FOIA cause of action, the plaintiff first must show that he made a FOIA request that reasonably described the records sought"); *Voinche v. FBI*, 412 F. Supp. 2d 60, 66 (D.D.C. 2006) (this rule is one of FOIA's "statutory requirements"). This requirement, "like any other element of a cause of action . . . must be adequately alleged at the pleading stage in order for the case to proceed." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 29 (2014); *accord Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997) (failure "to allege all the material elements of [a] cause of action" is fatal).

In determining whether a request reasonably describes the records sought, "[t]he linchpin inquiry is whether the agency is able to determine precisely what records are being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (cleaned up). A request thus suffices only if "a professional employee of the agency who was familiar with the subject area of the request [can] locate the record[s] with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). A request requiring an agency to "speculate about" what it seeks, in contrast, does not suffice. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996). "FOIA envisions that applicants will reasonably describe the records they seek, and agencies are entitled to demand it." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 88 (D.D.C. 2021).

The professional-employee test is an objective test, and courts are equipped to make this determination by reviewing the FOIA request alone. *See Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) (noting that document request was deficient "on its face"). In other words, agencies need not introduce evidence showing that, based on a particular document request, *their*

professionals are incapable of locating the requested records with a reasonable amount of effort. *See Borden v. FBI*, Civ. A. No. 94-1029, 1994 U.S. App. LEXIS 16157, at *1-2 (1st Cir. 1994) ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought. Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments." (citations omitted)).

Plaintiff's FOIA request seeks "[a]ll records of communication, including email correspondence, between USCIS employees and Tania Mattos, currently a director of advocacy and policy at the Envision Freedom Fund, from and including January 20, 2021 up to and including May 11, 2022." Compl. ¶ 9. For the reasons explained below, this request is overbroad and vague.

In order to respond to Plaintiff's request, Defendant would be required to search the records of all USCIS employees—more than 19,000[2] individuals. Plaintiff does not specify whether it seeks records only from a particular employee or a specific office within USCIS. Such a vague request is impermissible. *See, e.g., Krohn v. Dep't of Just.*, 628 F.2d 195, 198 (D.C. Cir. 1980) (holding that the request was "fatally flawed by lack of a reasonable description" because the request was "too vague" as it would require "the agency to review the entire record of 'each and every . . . criminal case' in order to determine whether it contains any evidence of the data, information or statistics that appellant requests"); *Jud. Watch, Inc. v. Exp. Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) ("it is the requester's responsibility to frame requests with sufficient particularity[.]").

---

[2]      *See* "Who We Are," https://www.uscis.gov/about-us/mission-and-core-values.   In resolving a motion to dismiss, the Court may take judicial notice of information posted on official public websites of government agencies. *E.g., Cannon v. District of Columbia*, 717 F.3d 200, 205, n.2 (D.C. Cir. 2013); *Blue Water Balt. v. Pruitt*, 266 F. Supp. 3d 174, 177 n.4 (D.D.C. 2017).

To be sure, Defendant promptly notified Plaintiff that its request did not adequately describe the records sought. *See* Compl. ¶ 11. Though under no obligation to do so, *see Am. Ctr.*, 573 F. Supp. 3d at 88, Defendant provided Plaintiff the opportunity to clarify its request and provide additional information. *Id.* Plaintiff refused to do so, instead arguably making the request broader in the name of "simplicity." *Id.* ¶ 16 ("If there have been multiple individuals named "Tania Mattos" in communication with USCIS during our requested time frame, please include all individuals in this search").

Particularly instructive is Judge McFadden's opinion in *American Center*. In that case, the plaintiff requested Department of Homeland Security records "sent from, prepared by, sent to, received by, reviewed by, or in any way communicated to or by, [DHS] Secretary Alejandro Mayorkas, his aides, staff, representative or agents, or acting predecessor, or any CBP, ICE, or USCIS official." *Am. Ctr.*, 573 F. Supp. 3d at 81. The plaintiff's request, dated April 7, 2021, was for a limited time period, from "November 4, 2020 to the date this Request is processed." *See Am. Ctr.*, Civ. A. No. 21-1364, ECF No. 1 Ex. 1. Judge McFadden found that the plaintiff's request would require more than a "reasonable amount of effort" to find responsive documents because the request encompassed every single one of the defendant's employees. *Am. Ctr.*, 573 F. Supp. 3d at 86.

While the number of employees in *American Center* was 240,000 as opposed to USCIS's 19,000, it can hardly be said that only a "reasonable amount of effort" would be undertaken to search 19,000 employee's documents. Indeed, "decisions from a district court do not create a floor for what a FOIA request must do to pass master." *Id.* at 87. Additionally, the fact that Plaintiff here limited its request to the time period of January 20, 2021, to May 11, 2022, *see* Compl. ¶ 9, does not help its case. Judge McFadden explained that "temporal limitation is important," but it does

not change "broad language" or "the applicability of that language" to all the agency's employees. *See Am. Ctr.*, 573 F. Supp. 3d at 87. "The description is what matters," *id.*, and here the description is "all records of communication, including email correspondence, between USCIS employes and Tania Mattos." Compl. ¶ 9. Such a search would be "unduly burdensome" and require a "massive undertaking." *Am. Ctr.*, 573 F. Supp. 3d at 87 (citations omitted).

"FOIA does not provide requesters with a right to demand an all-encompassing fishing expedition of files in every office within an agency." *Cause of Action Inst. v. IRS*, 253 F. Supp. 3d 149, 160 (D.D.C. 2017) (cleaned up). Plaintiff requests "[a]ll records of communication, including email correspondence, between USCIS employees and Tania Mattos[.]" Compl. ¶ 9. On its face, the request can be reasonably interpreted to encompass any document that is related to communication between a USCIS employee and Ms. Mattos. For example, if Ms. Mattos met with a group of ten USCIS employees, and each employee took notes of the meeting, would those records fall under Plaintiff's request? They are arguably "records of communication . . . between USCIS employees and Tania Mattos," which Plaintiff seeks. Plaintiff fails to identify with particularity the specific information about the records sought, such as the title or name, author, and recipients, or the Agency component or office which created and/or controls the record. Instead, the language in Plaintiff's FOIA request "is analogous to requests for records that relate 'in any way' to a person or event, which courts have repeatedly found to be overly broad and unreasonable." *McKinley v. FDIC*, 807 F. Supp. 2d 1, 7 (D.D.C. 2011) (citing cases). Such "[b]road, sweeping requests lacking specificity are not permissible." *Am. Fed'n of Gov't Emps. v. Dep't of Com.*, 632 F. Supp. 1272, 1277-78 (D.D.C. 1986); *see also Roman v. CIA*, Civ. A. No. 11-5944, 2013 U.S. Dist. 7837, at *18 (N.D.N.Y. Jan. 18, 2013) (finding "Plaintiff's request for 'all files and/or reports' on 'Arch of the Covenant,' and 'military or non-military reports of angels and

persons dressed in white' are not specific enough for an employee of the agency to find all files regarding this information with a 'reasonable amount of effort.'") (citation omitted). Plaintiff's description of the records requested does not permit Defendant to locate responsive records with a reasonable amount of effort. As phrased, it covers all records of and related to communications to, from, and between any and all Defendant's employees and the private individual.

Plaintiff's vague and overbroad FOIA request encompasses potentially responsive records that spans from over 19,000 employees at USCIS and would "leave the unfortunate FOIA processor assigned to such a case in a hopeless muddle without clear guidance about what documents are being sought." *Am. Ctr.*, 573 F. Supp. 3d at 85. FOIA does not require USCIS to engage in an all-encompassing fishing expedition. As Judge Nichols explained, "[t]he touchstone is reasonableness." *Nat'l Student Leg. Def. Network v. Dep't of Educ.*, Civ. A. No. 19-3473, 2022 U.S. Dist. LEXIS 75910, 2022 WL 1223707, at *3 (D.D.C. Apr. 26, 2022). Plaintiff's FOIA request plainly fails to reach that touchstone.

\*        \*        \*

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss.

Dated: February 8, 2024                    Respectfully submitted,

                                           MATTHEW M. GRAVES, D.C. Bar #481052
                                           United States Attorney

                                           BRIAN P. HUDAK
                                           Chief, Civil Division

                                           */s/ Kaitlin K. Eckrote*
                                           KAITLIN K. ECKROTE
                                           D.C. Bar #1670899
                                           Assistant United States Attorney
                                           601 D Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 252-2485
                                           Kaitlin.eckrote@usdoj.gov

                                           *Attorneys for the United States of America*